Per Curiam.

The Tax Commissioner contends that the Court of Appeals erred in finding that the specific bequest to the board of trustees of the church was exempt from the succession tax, and that the board of trustees qualified for exemption as an “institution for purposes only of public charity” within the meaning of Section 5731.09, Revised Code (Reeodification Act of 1953) as in effect on the date of decedent’s death.
It is disclosed from an examination of the record that the Central Presbyterian Church is being conducted for both religious and charitable purposes, and that these benefits are available to the public generally. Is such an organization an “institution for purposes only of public charity” within the meaning of that phrase as found in Section 5731.09, Revised Code, a„s in effect on the date of decedent’s death?
This question has been answered in the affirmative by this court in the case of In re Estate of Seaman (1956), 166 Ohio St., 51, paragraph three of the syllabus of which reads as follows:
“If the benefits of an institution organized and conducted for religious and other charitable purposes only are open and available to the public generally, such institution is an ‘institution for purposes only of public charity’ within the.meaning of those words as used in Section 5334, General Code (Section 5731.09, Revised Code).”
*204 The judgment of the Court of Appeals is affirmed on authority of that case.

Judgment affirmed.

Weygandt, C. J., Taft, Matthias and Peck, JJ., concur.